NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-13810

VALENTINA GORBATOVA & another[1]  vs.  CITY OF LYNN.

February 26, 2026.

Supreme Judicial Court, Superintendence of inferior courts.

Valentina Gorbatova (petitioner) appeals from a judgment of the county court denying, without a hearing, her petition for relief relating to certain municipal citations.  We affirm.

In 2023, the city of Lynn (city) issued municipal citations imposing fines on the petitioner for violations of the State sanitary code.  On December 8, 2023, after a hearing, an administrative officer for the city upheld the violations and advised the petitioner that she had the right to appeal to the District Court pursuant to G. L. c. 40, § 21D.[2]  In her petition, the petitioner alleged that the citations and fines were invalid for a variety of reasons, and she requested that the single justice annul them.  The single justice denied relief without addressing the merits of the petition, ruling that the circumstances did not require the court's extraordinary intervention.

---

[1] Sergey Gorbatov.  Although Mr. Gorbatov is named as a petitioner in this matter, he did not sign the petition, the notice of appeal, or the brief on his own behalf, and no attorney has appeared for him.

[2] In her brief, the petitioner claims that a clerk-magistrate in the District Court waived all fines against her and deleted the court's records thereof.  This claim was not before the single justice, and we do not consider it.

We have reviewed the record before the single justice and discern no abuse of discretion or other error of law. At the outset, it is not clear whether the petitioner sought relief under G. L. c. 211, § 3,[3] or relief in the nature of certiorari or mandamus under G. L. c. 249, §§ 4 and 5. Under any of these provisions, however, relief is available only where no other remedy is available. See Wallace v. PNC Bank, N.A., 478 Mass. 1020, 1020 (2018), and cases cited. Here, the petitioner had an alternative remedy, namely, an appeal to the District Court pursuant to G. L. c. 40, § 21D.[4] The petitioner therefore is not entitled to the relief she seeks. The single justice properly denied the petition.

Judgment affirmed.

The case was submitted on briefs.
Valentina Gorbatova, pro se.
James P. Lamanna, Assistant City Solicitor, for the respondent.

---

[3] To the extent that the petitioner sought relief under G. L. c. 211, § 3, it was properly denied for the further reason that our superintendence power under that statute extends only to "courts of inferior jurisdiction." See Troila v. Department of Correction, 490 Mass. 1013, 1014 n.1 (2022), citing Doe, Sex Offender Registry Bd. No. 76819 v. Sex Offender Registry Bd., 480 Mass. 212, 221 n.3 (2018) (G. L. c. 211, § 3, does not empower court to superintend executive agencies). In this case, the petitioner is challenging actions of the city, not a ruling of any court. Moreover, our superintendent power "is extraordinary and will be exercised only in the most exceptional circumstances" (citation omitted). Perrier v. Commonwealth, 489 Mass. 28, 30 (2022). We agree with the single justice's determination that such circumstances are not present here.

[4] It appears from court records that Gorbatova pursued this remedy. See Gorbatova v. Lynn Div. of the Dist. Court Dep't, 495 Mass. 1036, 1037 (2025).